**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-552C
(Filed November 29, 2017)
NOT FOR PUBLICATION

**FILED**
**NOV 29 2017**
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * *
                                   *
                                   *
                                   *
SEAN MILLER,                       *
                                   *
              Plaintiff,           *
                                   *
      v.                           *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

Sean Miller, a descendant of members of certain African tribes who were enslaved and transported to North America in the 17th Century, has filed a complaint against the United States seeking compensation for its failure to offer to relocate him to Africa, and to provide support incident to such "repatriation." The government has moved to dismiss his complaint for lack of subject-matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons stated below, that motion is **GRANTED**.

### I. BACKGROUND

Mister Miller, who was born in New York, New York, in 1980, contends that he was erroneously made a United States citizen at birth. Compl. at 2. He alleges that his ancestors were enslaved in Africa and transported to North America in the 1600s. *Id.* at 1. Following the Civil War, Mr. Miller's ancestors were granted citizenship by the Fourteenth Amendment to the United States Constitution. *Id.* at 2. Plaintiff contends that the United States government failed to provide his ancestors with the means and opportunity to migrate to Africa following their emancipation. *Id.* In his complaint, plaintiff alleges that the failure by the government to provide him and his ancestors with the opportunity to migrate to Africa, coupled with the Fourteenth Amendment's conferral of citizenship upon him

7017 1450 0000 1346 1055

and his ancestors without "due process of law," entitles him to compensation from the United States. *Id.* at 1–2. Plaintiff also makes the related, but distinct, claim that he is entitled to assistance under 42 U.S.C. § 1313 as a refugee. *Id.* at 2–3. He also asserts that certain of his First, Fifth and Eighth Amendment rights have been violated. *Id.* at 2–3. The government has moved to dismiss the complaint, contending that none of Mr. Miller's claims are within the court's subject-matter jurisdiction. Plaintiff has filed a response to that motion, and was allowed to file a response to the government's reply paper. The Court has reviewed all of the papers filed in this case, and has determined that it lacks jurisdiction over the matters alleged therein, as explained below.

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside the court's jurisdiction from being dismissed, *see Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

### B. Plaintiff's Claims are Not within Our Subject-Matter Jurisdiction

Plaintiff's complaint contains six counts, none of which states a claim within our subject-matter jurisdiction.[1] In count one of the complaint, plaintiff contends that the Office of Refugee Settlement of the U.S. Department of Health and Human

---

[1] Plaintiff's opposition to the government's motion also makes reference to other constitutional provisions, such as the Thirteenth and Fourteenth Amendments, though their import to his claim is unclear. Pl.'s Resp. at 8–9, 12. In any event, neither of those amendments is money-mandating. *Humphrey v. United States*, 52 Fed.Cl. 593, 598 (2002), *aff'd*, 60 Fed.Appx. 292 (Fed. Cir. 2003) (Thirteenth Amendment is not money-mandating); *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) (Fourteenth Amendment is not money-mandating).

Services improperly denied him refugee assistance. Compl. at 2. Reading both the complaint, and Mr. Miller's various opposition papers, it becomes clear that he is asserting both that denying him refugee benefits violated his Fifth Amendment rights and that he is entitled to benefits under the statute. *See* Compl. at 2; Pl.'s Br. in Resp. to Def.'s Mot. to Dismiss (Pl.'s Resp.) at 13–14; Pl.'s Second Reply to Def.'s Reply to Mot. to Dismiss (Pl.'s Reply) at 2–3.

Plaintiff's constitutional claim is easily resolved. The Fifth Amendment can support money-mandating claims in our court under only two circumstances. The first are takings claims, in which a person asserts that private property was taken by the federal government without the payment of just compensation. *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). The second are illegal exaction cases, in which a person claims that the government has demanded a payment in contravention of statute or regulation. *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996). Plaintiff's allegations against the Office of Refugee Settlement fit within neither of the circumstances under which the Fifth Amendment can be money-mandating; rather, he is merely claiming that the government failed to pay him money he is entitled to under a statute. That claim is within our jurisdiction only if that statute is money-mandating. That question is resolved by examining the statute in question. On its face, Section 1113 of the Social Security Act is not money-mandating, as it merely authorizes the Secretary of Health and Human Services to provide monetary assistance to American refugees, under certain specified conditions. *See* 42 U.S.C. § 1313(a)(1). It does not require that the Secretary so pay, nor does it contain any other language suggesting that it is money-mandating.[2] Therefore, the Court concludes that the statute is not money-mandating and thus cannot support the jurisdiction of this court.[3]

In the second count of his complaint, Mr. Miller contends that his treatment by the United States, including his being held within the borders of the country and his mistreatment by police, violated his Eighth Amendment rights. Compl. at 2. In the third count, plaintiff contends that his Eighth Amendment rights have been

---

[2] The government is wrong to suggest that this provision cannot be money-mandating simply because it is part of the Social Security Act. *See* Def.'s Mot. at 5. The reason why claims under the Social Security Act are typically not within our subject-matter jurisdiction is that exclusive jurisdiction over certain social security claims is vested in the United States District Courts. *See* 42 U.S.C. § 405(g). No comparable provision exists for claims made pursuant to 42 U.S.C. § 1313(a)(1).

[3] Additionally, it is clear that Mr. Miller is not within the class of persons who can be paid money under the statute, which authorizes payments to American citizens returning to the United States after being displaced from abroad --- not payments to persons who wish to leave the United States, as Mr. Miller apparently seeks to do. 42 U.S.C. § 1313; *see* Compl. at 2.

violated by systemic racism in the United States. *Id.* at 3. The Eighth Amendment is not money-mandating, *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007), and therefore, plaintiff's claims under that amendment are not within our subject-matter jurisdiction.

In the fourth count of his complaint, plaintiff contends that he suffers from post-traumatic stress disorder due to the above-referenced systemic racism. Compl. at 3. Though plaintiff asserts that said systemic racism violated his constitutional rights and protections, no particular provisions of the constitution are referenced in this count of the complaint. In any event, there is no money-mandating provision of the constitution which can support jurisdiction over claims such as those Mr. Miller presents in count four of his complaint, nor may torts be compensated in this court, *See* 28 U.S.C. § 1491(a).

In his complaint's fifth count, Mr. Miller contends that the government violated the International Covenant on Civil and Political Rights by allegedly allowing citizens to employ "racist rhetoric" and "stereotypes" against him and other black citizens. Compl. at 3. International treaties to which the United States is a party do not generally create enforceable obligations in the courts of the United States. *See Pikulin v. United States*, 97 Fed. Cl. 71, 77 (2011) (citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734–35 (2004)). In particular, the International Covenant on Civil and Political Rights does not create a private right to seek compensation enforceable in the Court of Federal Claims. *See Miller v. United States*, 67 Fed.Cl. 195, 199–200 (2005) (concluding that the International Covenant on Civil and Political Rights is not a "contract" that can support jurisdiction in this Court, because treaties of that sort are not "contracts" within the meaning of the Tucker Act); *see also* 28 U.S.C. § 1502.

In the final count of his complaint, Mr. Miller contends that the forced assimilation of his ancestors, and their attendant loss of their native language and religion, violated his First Amendment rights. But the First Amendment is not money-mandating, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983), and thus this count also fails to state a claim within our subject-matter jurisdiction.[4]

---

[4] The complaint also makes a passing reference, of unclear import, to 42 U.S.C. § 1983. Compl. at 1. Though the meaning of this reference is not entirely clear, it is well-established that this civil rights statute cannot support jurisdiction in this court. *Clemmons v. United States*, 283 F. App'x 786, 787 (Fed. Cir. 2008); *see also Bowles v. United States*, No. 14-1241C, 2015 WL 4710258, at *3 (Fed. Cl. July 31, 2015).

- 5 -

## III.  CONCLUSION

For the reasons stated above, the complaint is dismissed for lack of subject-matter jurisdiction.  The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge